**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Katherine A. Rykken**
Assistant U.S. Attorney
katherine.rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

February 12, 2026

Paul M. Ferder
Ferder, Casebeer & Knodell, LLC
515 High Street SE
Salem, OR 97301

> Re:  *United States v. Catalin Dragomir*, Case No. 3:24-cr-00204-SI
>       Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO), the Computer Crime and Intellectual Property Section of the Criminal Division of the U.S. Department of Justice (collectively, "the government") and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Counts One and Five of the Indictment, which charge, respectively, Obtaining Information from a Protected Computer in violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B) and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.

3.  **Penalties**: The maximum sentence for Count One is five years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), three years' supervised release, and a $100 fee assessment. The sentence for Count Five is a mandatory consecutive sentence of two years' imprisonment, a fine not to exceed $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), one year of supervised release, and $100 fee assessment. Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Ŋ.C

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 2
February 11, 2026

4.    **Dismissal/No Prosecution**: The government will move at the time of sentencing to dismiss any remaining counts against defendant. The government further agrees not to bring additional charges against defendant arising out of this investigation, known to the government at the time of this agreement.

5.    **Elements and Factual Basis**:

Count One. In order for defendant to be found guilty of Count One of the Indictment, the government must prove that he committed or aided and abetted the commission of Obtaining Information from a Protected Computer. That is, the government must prove the following elements beyond a reasonable doubt:

First, someone intentionally accessed without authorization a computer, that is, a computer owned by the Oregon Department of Emergency Management; and

Second, by accessing without authorization a computer, that person obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

Third, the offense was committed for the purpose of commercial or private financial gain.

Count Five.  In order for defendant to be found guilty of Count Five of the Indictment, the government must prove that he committed or aided and abetted the commission of Aggravated Identity Theft.  That is, the government must prove the following elements beyond a reasonable doubt:

First, someone knowingly transferred, possessed, or used without legal authority a means of identification of another person, that is, Adult Victim 1; and

Second, that person knew the means of identification belonged to a real person; and

Third, that person did so during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, the violation of 18 U.S.C. § 1030 set out in Count One.

For either Count One or Count Five, if the government proves that the person that committed the elements above was the defendant, the government need not prove any additional elements. However, the government may also prove that *someone* committed the elements above, and that the defendant aided and abetted the commission of the crime by proving the following additional elements beyond a reasonable doubt:First, the defendant aided, counseled,

*D.C*

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 3
February 11, 2026

commanded, induced or procured that person with respect to at least one element of the crime; and

Second, the defendant acted with the intent to facilitate the crime; and

Third, the defendant acted before the crime was completed.

The government is not required to prove precisely whether the defendant actually committed the crime or aided and abetted it.

Factual Basis. Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed or aided and abetted the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Either as the principal or as an accomplice, Catalin Dragomir committed or aided and abetted the following acts:

Prior to June 2021, the defendant created the inthematrix1 moniker, among others, to facilitate the sale of unauthorized access to protected computers. In June 2021, while outside the United States, the defendant, using the inthematrix1 moniker, among others, sold access to a computer network belonging to the Oregon Office of Emergency Management ("OOEM") (now called the Oregon Department of Emergency Management), which is located in the District of Oregon. On or about June 15, 2021, someone accessed without authorization a computer on the computer network of OOEM in order to obtain access credentials to OOEM's computer systems. Access credentials allow a person to log into a victim's computer or computer network. The breached computer belonged to OOEM and impacted interstate and/or foreign commerce.

On or about June 15, 2021, the defendant then offered for sale, on the dark web, the access credentials to OOEM, knowing that someone had unlawfully accessed a computer belonging to OOEM for the purpose of obtaining information, including personal identifying information ,and selling access credentials. The sale of access credentials enables an unauthorized user to access a victim computer or computer network, i.e., with the goal of committing a ransomware or other malicious cyber attack against the victim. The access was described in the offer as "[a]dmin access RDP[…] network with 3 servers and 50 PC in network … office of emergency management[.]"

On or about June 15 and 16, 2021, defendant negotiated the sale of access credentials to the OOEM computer to a source of information (the "source"). While negotiating with the source, defendant accessed the OOEM computer and obtained proof-of-access screenshots he sent to the source to prove that the access credentials would work to access OOEM and that

*D.C.*

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 4
February 11, 2026

access would include access to sensitive information such as means of identification. The proof of access screenshots included the means of identification belonging to an OOEM employee, Adult Victim 1, specifically the name, date of birth, social security number, and email address of Adult Victim 1, which the defendant knew belonged to a real person. On June 16, 2021, the source agreed to and, later that day, paid $3,000 in Bitcoin to defendant for the access.

In addition to the above conduct, defendant also agrees that he sold access credentials to the computer networks of at least ten other victims located in the United States, causing a loss of at least $250,000.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Sentencing Guidelines Calculation**: The parties agree that following Sentencing Guideline factors apply:

For Count One (Obtaining Information from a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2)(C), (b), (c)(2)(B)):

| | | |
|---|---|---|
| Base Offense Level | +6 | USSG § 2B1.1(a)(2) |
| Sophisticated Means/Outside U.S. | +2 | USSG § 2B1.1(b)(10)(B)–(C) |
| Personal Information | +2 | USSG § 2B1.1(b)(18) |
| Loss Conduct of more than $250,000 | +12 | USSG § 2B1.1(b)(1)(G) |
| More than 10 Victims | +2 | USSG § 2B1.1(b)(2)(A)(i) |
| **Total** | **24** | |

For Count Five (Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A), defendant understands and agrees that the statutory mandatory consecutive sentence the Court must impose is 24 months, pursuant to both 18 U.S.C. § 1028A(b) and USSG § 2B1.6.

The parties may argue that additional Sentencing Guidelines factors do or do not apply in this case.

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the government will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The government reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained

D.C

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 5
February 11, 2026

in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The government will recommend a sentence within the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Variance or Adjustment for Certain "Zero-Point" Offenders**: If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1, if adopted.

11. **Additional Departures, Adjustments, or Variances**: Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the government may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

*p. C*

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 6
February 11, 2026

14.     **Full Disclosure/Reservation of Rights**:  The government will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the government is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.     **Restitution and Transfer of Assets**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the government and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the government to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the government to access records to verify the financial information. Defendant also authorizes the government to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, including all relevant conduct under U.S.S.G. §1B1.3, regardless of

*D.C*

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 7
February 11, 2026

whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the government of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the government of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **Forfeiture Terms:**

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), including any cryptocurrency or other financial assets which defendant admits constitute the proceeds of defendant's criminal activity in violation of 18 U.S.C. §§ 1030(a)(2)(C), as set forth in Count One of the Indictment, including, but not limited to, the $3,000 paid for access to OOEM, 22.87987734 Monero (XMR) with a value of $6,273.20, and 0.00075957 Bitcoin with a value of $84.84.

B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under

D.C

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 8
February 11, 2026

Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.     **Title Assistance**: Defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

      E.     **Assets Not Identified**: The government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

      F.     **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

///                                                  *D.C*

///

///

///

///

///

///

///

///

///

///

///

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 9
February 11, 2026

18.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**:  This plea offer expires if not accepted by February 13, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

KATHERINE A. RYKKEN
Assistant United States Attorney

BENJAMIN A. BLEIBERG
Trial Attorney
Computer Crime and Intellectual Property
Section

ALISON M. ZITRON
Trial Attorney
Computer Crime and Intellectual Property
Section

///

///

///

///

///

Ʒ.C.

Paul M. Ferder
Re: Dragomir Plea Agreement Letter
Page 10
February 11, 2026

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/13/26
Date

_____
Catalin Dragomir, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/13/26
Date

_____
Paul M. Ferder, Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

_____
Date

_____
Interpreter